**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| Kevin Hamilton, | Case No. 2:21-cv-01747-RFB-BNW |
| Plaintiff, | |
| v. | **SCREENING ORDER** |
| Las Vegas Metropolitan Police Department, | |
| Defendant. | |

*Pro se* plaintiff Kevin Hamilton initiated this lawsuit on September 22, 2021 by filing an application to proceed *in forma pauperis* and a complaint. ECF No. 1. Plaintiff has submitted the affidavit required by 28 U.S.C. § 1915(a) showing an inability to prepay fees or costs or give security for them but has not submitted the certified copy of the trust fund account statement for the 6-month period immediately preceding the filing of the complaint. Accordingly, the Court will conditionally grant his request to proceed *in forma pauperis* but will require the filing of the trust fund account statement by April 15, 2022.

The Court now screens Plaintiff's complaint.

**I.     ANALYSIS**

**A.  Screening Standard**

Upon granting a request to proceed *in forma pauperis*, a court must screen the complaint under 28 U.S.C. § 1915(e)(2). In screening the complaint, a court must identify cognizable claims and dismiss claims that are frivolous, malicious, fail to state a claim on which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Dismissal for failure to state a claim under § 1915(e)(2) incorporates the standard for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). To survive § 1915 review, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court liberally construes *pro se* complaints and may only

dismiss them "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678).

In considering whether the complaint is sufficient to state a claim, all allegations of material fact are taken as true and construed in the light most favorable to the plaintiff. *Wyler Summit P'ship v. Turner Broad. Sys. Inc.*, 135 F.3d 658, 661 (9th Cir. 1998) (citation omitted). Although the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id.* Unless it is clear the complaint's deficiencies could not be cured through amendment, a *pro se* plaintiff should be given leave to amend the complaint with notice regarding the complaint's deficiencies. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

**B. Screening the Complaint**

Plaintiff alleges the following: On October 14, 2020, Plaintiff was robbed. He immediately called Las Vegas Metropolitan Police Department ("METRO") for assistance, but they refused to help him. ECF No. 1-1 at 8. After twenty minutes of that call, someone from METRO called him back harassing him and intimidating him by stating "Black Lives Matter." *Id*. This caused Plaintiff and his family much distress. Accordingly, Plaintiff filed this lawsuit. *Id*.

Plaintiff asserts several causes of action. He alleges the following state law causes of action: Intentional Infliction of Emotional Distress, Respondeat Superior, Negligent Hiring, and Negligent Supervision and Training. *Id*. at 9-11.

Plaintiff alleges he resides in Nevada and that all Defendants also reside in Nevada. *Id.* at 2.

As explained in more detail below, the Court will dismiss Plaintiff's complaint without prejudice and with leave to amend.

"Federal district courts are courts of limited jurisdiction, possessing only that power authorized by Constitution and statute." *K2 Am. Corp. v. Roland Oil & Gas, LLC*, 653 F.3d 1024, 1027 (9th Cir. 2011) (quotation omitted). Federal district courts "have original jurisdiction of all

civil actions arising under the Constitution, laws, or treaties of the United States," otherwise known as federal question jurisdiction. 28 U.S.C. § 1331. Federal district courts also have original jurisdiction over civil actions in diversity cases "where the matter in controversy exceeds the sum or value of $75,000" and where the matter is between "citizens of different States." 28 U.S.C. § 1332(a). "Section 1332 requires complete diversity of citizenship; each of the plaintiffs must be a citizen of a different state than each of the defendants." *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001).

A court may raise the question of subject-matter jurisdiction *sua sponte*, and it must dismiss a case if it determines it lacks subject-matter jurisdiction. *Special Investments, Inc. v. Aero Air, Inc.*, 360 F.3d 989, 992 (9th Cir. 2004); Fed. R. Civ. P. 12(h)(3). Here, Plaintiff does not allege facts sufficient to invoke the Court's jurisdiction.

Regarding diversity jurisdiction, Plaintiff alleges that he resides in Nevada, as do the Defendants. ECF No. 1-1 at 2. Accordingly, there is not complete diversity, and Plaintiff has not established diversity jurisdiction.

Plaintiff also has not established federal question jurisdiction. To assert a claim for relief under 42 U.S.C. § 1983, plaintiff must allege that (1) he suffered a violation of rights protected by the Constitution or created by a federal statute, and (2) the violation was proximately caused by a person acting under color of state law. *See Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). The first step in a Section 1983 claim is therefore to identify the specific constitutional or federal right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

While Plaintiff alleges there has been a Fourth Amendment violation, he does not provide facts to support such allegation. The Fourth Amendment, which applies to states through the Fourteenth Amendment, prohibits unreasonable searches and seizures by law enforcement officials. *Mapp v. Ohio*, 367 U.S. 643, 655 (1961). But Plaintiff does not allege he was searched or seized.

 1. **Amendment**

If Plaintiff chooses to amend, he must include factual allegations demonstrating that a federal question exists, thereby allowing the Court to determine its own jurisdiction.

Alternatively, he must include factual allegations demonstrating there is complete diversity of citizenship and more than $75,000 in controversy.

Additionally, Plaintiff is advised that if he files an amended complaint, the original complaint (ECF No. 1-1) no longer serves any function in this case. As such, if Plaintiff files an amended complaint, each claim and the involvement of each specific defendant must be alleged sufficiently. The Court cannot refer to a prior pleading or to other documents to make Plaintiff's amended complaint complete. The amended complaint must be complete in and of itself without reference to prior pleadings or to other documents. *See Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) (holding that "[t]he fact that a party was named in the original complaint is irrelevant; an amended pleading supersedes the original").

## II.   CONCLUSION

**IT IS THEREFORE ORDERED** that Plaintiff's application for leave to proceed *in forma pauperis* (ECF No. 1) is GRANTED **subject to Plaintiff filing a certified copy of his trust fund account statement by April 15, 2022.** Plaintiff is permitted to maintain this action to conclusion without prepaying fees or costs or giving security for them.

**IT IS FURTHER ORDERED** that the Clerk of Court must detach and separately file Plaintiff's complaint (ECF No. 1-1).

**IT IS FURTHER ORDERED** that Plaintiff's complaint is dismissed without prejudice and with leave to amend. **If Plaintiff chooses to file an amended complaint, he must do so by April 15, 2022, or this Court will recommend that his case be dismissed.**

DATED: February 23, 2022.

BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE