UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Kevin Hamilton,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>Las Vegas Metro Police Department, *et al.*,<br><br>　　　　　Defendants. | Case No. 2:21-cv-01747-CDS-BNW<br><br>**SCREENING ORDER** |

　　　The Court previously screened Plaintiff Kevin Hamilton's complaint, dismissed it without prejudice, and ordered Plaintiff to file an amended complaint (if he so chose). *See* ECF No. 5. Plaintiff was given until April 15, 2022 to amend his complaint. *Id*. Since no amended complaint was filed by this date, the Court recommended that the case be dismissed. ECF No. 7.

　　　Shortly thereafter, Plaintiff filed an amended complaint (ECF No. 8) and objected to the recommendation for dismissal (ECF No. 9). He explained that an illness prevented him from filing the amended complaint by the due date. ECF No. 9. Based on this explanation, the Court vacated the recommendation for dismissal. ECF No. 10.

　　　The Court now screens the Amended Complaint. ECF No. 8.

**I.　　Analysis**

　　　**A. Screening Standard**

　　　Upon granting a request to proceed *in forma pauperis*, a court must screen the complaint under 28 U.S.C. § 1915(e)(2). In screening the complaint, a court must identify cognizable claims and dismiss claims that are frivolous, malicious, fail to state a claim on which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Dismissal for failure to state a claim under § 1915(e)(2) incorporates the standard for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012).

To survive § 1915 review, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted). The court liberally construes *pro se* complaints and may only dismiss them "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678).

In considering whether the complaint is sufficient to state a claim, all allegations of material fact are taken as true and construed in the light most favorable to the plaintiff. *Wyler Summit P'ship v. Turner Broad. Sys. Inc.*, 135 F.3d 658, 661 (9th Cir. 1998) (citation omitted). Although the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id*. Unless it is clear the complaint's deficiencies could not be cured through amendment, a *pro se* plaintiff should be given leave to amend the complaint with notice regarding the complaint's deficiencies. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

**B.     Screening the Complaint**

Plaintiff's amended complaint does not cure the factual deficiencies the Court previously identified when it first screened his complaint. The allegations remain the same: On October 14, 2020, Plaintiff was robbed. He immediately called Las Vegas Metropolitan Police Department ("METRO") for assistance, but they refused to help him. ECF No. 8. After twenty minutes of that call, someone from METRO called him back harassing and intimidating him by stating "Black Lives Matter." *Id*. This caused Plaintiff and his family much distress.

Plaintiff now narrows the number of claims and asserts causes of action based on a Fourth Amendment violation and intentional infliction of emotional distress.

    **i.     Fourth Amendment violation**

While Plaintiff alleges there has been a Fourth Amendment violation, he does not provide facts to support this allegation. The Fourth Amendment, which applies to states through the Fourteenth Amendment, prohibits unreasonable searches and seizures by law enforcement

officials. *Mapp v. Ohio*, 367 U.S. 643, 655 (1961). The Court explained in its previous screening order that in order to state a Fourth Amendment claim, the allegations would need to include either a search or a seizure. ECF No. 5. But Plaintiff's amended complaint simply alleges the same facts previously alleged. ECF No. 8. Given this, the Court will recommend that this claim be dismissed with prejudice.

    **ii.**  **Intentional Infliction of Emotional Distress**

    The supplemental jurisdiction statute provides that, "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). Courts in this circuit have explained that where state law claims arise from the same nucleus of operative fact as federal claims, a district court may properly invoke its supplemental jurisdiction over the state law claims. *See Bahrampour v. Lampert*, 356 F.3d 969, 978 (9th Cir. 2004).

    Because Plaintiff cannot successfully state a federal claim to proceed with his case, the Court will recommend that this claim also be dismissed with prejudice.

**II.**  **Conclusion**

    **IT IS THEREFORE RECOMMENDED** that Plaintiff Kevin Hamilton's Amended Complaint (ECF No. 8) be DISMISSED with prejudice for failure to state a claim.

//
//
//
//
//
//
//
//
//

### III.   Notice

This report and recommendation is submitted to the United States district judge assigned to this case under 28 U.S.C. § 636(b)(1). A party who objects to this report and recommendation may file a written objection supported by points and authorities within 14 days of being served with this report and recommendation. Local Rule IB 3-2(a). Failure to file a timely objection may waive the right to appeal the district court's order. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

DATED:  August 22, 2022.

_____
Brenda Weksler
United States Magistrate Judge

4