UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Kevin Hamilton,<br><br>          Plaintiff,<br><br>     v.<br><br>Las Vegas Metro Police Department, *et al.*,<br><br>          Defendants. | Case No.: 2:21-cv-01747-CDS-BNW<br><br>**Order Adopting Report and Recommendation of Magistrate Judge**<br><br>[ECF No. 12] |

Plaintiff Kevin Hamilton, proceeding *pro se*, initiated this lawsuit on September 22, 2021, by filing an application to proceed *in forma pauperis* and a complaint alleging civil rights violations. *See generally* ECF No. 1. Following a review of Hamilton's amended complaint, United States Magistrate Judge Brenda N. Weksler issued a Report and Recommendation ("R&R") recommending that I dismiss this action with prejudice. ECF No. 12. Because Hamilton has failed to cure the deficiencies in his pleadings, I adopt Magistrate Judge Weksler's R&R and dismiss Hamilton's amended complaint.

**I.     Procedural History**

Hamilton filed an application for leave to proceed *in forma pauperis* alongside his initial complaint on September 22, 2021. ECF No. 1. On February 23, 2022, Magistrate Judge Weksler issued a screening order granting Hamilton's application but dismissing his complaint without prejudice. ECF No. 5. Magistrate Judge Weksler also granted Hamilton leave to file an amended complaint curing the deficiencies she identified in Hamilton's pleading. *Id*. Hamilton was

advised that failure to file an amended complaint by April 15, 2022, would result in a recommendation that his complaint be dismissed without prejudice. *Id.* at 4. On April 20, 2022, after no amended complaint was filed, Magistrate Judge Weksler issued a Report and Recommendation recommending that I dismiss Hamilton's case without prejudice. ECF No. 7.

On May 4, 2022, Hamilton filed an amended complaint (ECF No. 8), and objections to the R&R (ECF No. 9), which explained that illness prevented him from filing the amended complaint by the due date. *Id.* As a result, Magistrate Judge Weksler vacated the R&R to screen Hamilton's amended complaint. *See generally* ECF No. 10. On August 22, 2022, she issued the instant screening order and R&R regarding the amended complaint, recommending I dismiss this action with prejudice for Hamilton's failure to state a claim upon which relief can be granted. *See generally* ECF No. 12.

**II.     Discussion**

Pursuant to the local rules, Hamilton had fourteen (14) days to file any objections to the R&R. *Id.* (citing Local Rule IB 3-2(a) which states that a party who objects to a report and recommendation from a magistrate judge must file a written objection supported by points and authorities within fourteen days of being served with the report and recommendation). Here, the deadline to file any objections to the R&R was September 5, 2022. *See id.* (stating via minutes that Hamilton had until September 5, 2022, to file written objections to the R&R). Hamilton did not object to the R&R.

"[N]o review is required of a magistrate judge's report and recommendation unless objections are filed." *Schmidt v. Johnstone*, 263 F. Supp. 2d 1219, 1226 (D. Ariz. 2003); *see also Thomas v. Arn*, 474 U.S. 140, 150 (1985); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003).

While *de novo* review is not required because Hamilton failed to file objections, I nevertheless conducted a *de novo* review of the issues set forth in the report and

recommendation. 28 U.S.C. § 636(b)(1). When reviewing the order of a Magistrate Judge, the order should only be set aside if the order is clearly erroneous or contrary to law. Fed. R. Civ. P. 72(a); LR IB 3-1(a); 28 U.S.C. § 636(b)(1)(A); *Laxalt v. McClatchy*, 602 F. Supp. 214, 216 (D. Nev. 1985). A Magistrate Judge's order is "clearly erroneous" if the court has "a definite and firm conviction that a mistake has been committed." *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948); *Burdick v. Comm'r IRS*, 979 F.2d 1369, 1370 (9th Cir. 1992). "An order is contrary to law when it fails to apply or misapplies relevant statutes, case law or rules of procedure." *UnitedHealth Grp., Inc. v. United Healthcare, Inc.*, 2014 WL 4635882, at *1 (D. Nev. Sept. 16, 2014).

My review of the screening order and R&R reveals that it was not clearly erroneous or contrary to the law. For example, the first cause of action alleged in Hamilton's amended complaint is an exact duplicate of the first cause of action alleged in his original complaint. *Compare* ECF No. 6 at 2-3 (Hamilton's original complaint asserting intentional infliction of emotional distress claims) *with* ECF No. 8 at 9 (Hamilton's amended complaint asserting the same). Magistrate Judge Weksler properly found that the amended complaint did not cure the factual deficiencies previously identified in the first screened complaint, therefore Hamilton failed to successfully state a federal claim. When a claim cannot be saved by amendment, dismissal with prejudice is appropriate. *Sylvia Landfield Tr. v. City of Los Angeles*, 729 F.3d 1189, 1196 (9th Cir. 2013). Accordingly, I adopt the R&R and dismiss this action.

**III.    Conclusion**

For the reasons set forth in this Order,

IT IS ORDERED that Magistrate Judge Weksler's Report and Recommendation (**ECF No. 12) is ADOPTED** in its entirety.

IT IS FURTHER ORDERED that the Plaintiff's Amended Complaint (ECF No. 8) is STRICKEN and this case is DISMISSED WITH PREJUDICE.

The Clerk of Court is directed to close the case.

IT IS SO ORDERED.

DATED this September 13, 2022.

_____
Cristina D. Silva
United States District Judge